### LEWIS SPERRY'S APPEAL FROM PROBATE.

The seventh section of the insolvent act (Gen. Statutes, tit. 18, ch. 11, part 2,) provides that any creditor residing in this state, who may have a claim amounting to $100 or more against a non-resident debtor owning property within this state, may bring his petition to the court of probate for the appointment of a trustee to take possession of the property, the petitioner showing to the satisfaction of the court that the claim is justly due. Held that by the term "claim justly due" was meant a matured claim.

APPEAL from the decree of a probate court appointing a trustee in insolvency upon certain property in this state of a corporation located in the state of New York; taken to the Superior Court in Hartford County. Facts found and case reserved for advice. The case is sufficiently stated in the opinion.

*G. G. Sill*, for the appellant.

*J. C. Day*, for the appellee.

PARDEE, J. A foreign corporation had money to its credit in bank within the probate district of Hartford in this state; a resident creditor whose claim had matured attached it; another, whose claim had not matured, petitioned the probate court to appoint a trustee to take possession of the money and distribute it under the insolvent law of this state; that court granted the prayer of the petition and appointed a trustee. From this order the attaching creditor appealed to the Superior Court, assigning as one reason therefor that the insolvent law of this state makes no provision for the case of

a creditor having an unmatured claim against a foreign debtor. We are asked to advise as to the judgment to be rendered.

The fifth section of the insolvent act (Gen. Statutes, p. 379,) provides that "when a writ of attachment shall have been issued upon a claim founded on contract of $100 or more, upon which writ shall have been indorsed the affidavit of the plaintiff or his attorney that he believes such claim to be *justly due*, if the officer serving the same, after making demand of all such debtors as are found within his precincts, cannot find sufficient property to satisfy said attachment, and shall have made a sworn return upon such writ to that effect, the plaintiff may petition the court of probate hereinafter designated for the appointment of a trustee to take possession of the property of such defendant for the benefit of his creditors."

The sixth section provides that "if any person shall hold a claim against another founded on contract, amounting to $100 or more, *which is not due*, and which will not become due in season for him to avail himself of the provisions of the preceding section,    *    *    such creditor may bring his petition to the court of probate, &c."

The seventh section provides that "any creditor residing in this state, who may have a claim amounting to $100 against a non-resident debtor owning property within this state, may bring his petition to the court of probate of the district within which such property or a part of it is found, showing to the satisfaction of said court that said claim is *justly due*, &c."

Now it is certain that in the fifth section the expression "claim justly due" is used as being synonymous with claim matured; for in the sixth and complementary section provision is made specifically for claims not matured. In the seventh section the expression "claim    *    *    justly due" recurs, and we are bound to presume that the legislature intended that it should have the same meaning in this as was given to it in the previous section. To assign to it a different one, and to enlarge its power so as to include unmatured claims, would be judicial legislation. The statute does not provide for the case of a creditor whose claim against a non-

Park Eccl. Society *v.* City of Hartford.

resident debtor has not matured; therefore the petitioner has no standing in court.

We advise the Superior Court to reverse the decree of the probate court.

In this opinion the other judges concurred.